# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2018

Lyle W. Cayce
Clerk

No. 17-60213
Summary Calendar

EDRAS ORDONEZ-MEJIA, also known as Edras Ordenez-Majia,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 224 880

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Edras Ordonez-Mejia, a native and citizen of Guatemala, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his applications for withholding of removal and protection under the Convention Against Torture (CAT). Ordonez-Mejia argues that (1) the BIA and IJ improperly excluded the testimony of his expert witness by concluding that the testimony was hearsay

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60213

and by making an adverse credibility determination, (2) the record established a clear probability of persecution and demonstrated that he could not safely relocate within Guatemala, and (3) the record established a clear probability of torture upon return to Guatemala.  Additionally, Ordonez-Mejia moves for a stay of removal.

Generally, we have authority to review only the decision of the BIA but will consider the IJ's decision if it influenced the determination of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  Because the BIA agreed with the IJ's findings and conclusions, the IJ's findings are reviewable.  *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).  Findings of fact are reviewed for substantial evidence and rulings of law are reviewed de novo.  *Zhu*, 493 F.3d at 594.  Under the substantial evidence standard, the immigration decision must be based upon the evidence presented and must be "substantially reasonable."  *Kane v. Holder*, 581 F.3d 231, 236 (5th Cir. 2009) (internal quotation marks and citation omitted).

Contrary to Ordonez-Mejia's assertions, the IJ neither excluded the expert witness's testimony nor made an adverse credibility determination.  The IJ expressly accepted some of the expert witness's testimony.  However, the IJ rejected the expert's testimony that the gang Ordonez-Mejia feared had recently been to his abandoned family home in Guatemala looking for family members.  The IJ concluded that the testimony was simply too tenuous and speculative because it was not based on first-hand knowledge; instead, the expert had gotten the information from Guatemalan police officers who had gotten their information from Ordonez-Mejia's former neighbors.  As the BIA noted, it was within the purview of the IJ to make any credibility determinations and to accord the appropriate weight to be given to the evidence and testimony presented, including hearsay.  *See Castillo-Lopez v.*

2

*I.N.S.*, 437 F.2d 74, 75 (5th Cir. 1971).  Aside from his conclusional assertion that the BIA erred in affording diminished weight to the hearsay evidence, Ordonez-Mejia does not provide any relevant case law to challenge the determination regarding the proper weight of the evidence.

A grant of withholding of removal requires the demonstration of "'a clear probability' of persecution upon return" to the petitioner's native country. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).  A petitioner cannot establish a well-founded fear of persecution if persecution could be avoided by relocating to another part of his native country and, under the circumstances, it would be reasonable to expect him to relocate.  *See Eduard v. Ashcroft*, 379 F.3d 182, 194 (5th Cir. 2004); 8 C.F.R. § 1208.13(b)(2)(ii); *see also Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001) (holding that where a petitioner does not show past persecution and does not show that the national government is the actual persecutor, the petitioner must show that the persecution is pervasive and that relocation would be unreasonable).

The record reveals that the BIA's denial of Ordonez-Mejia's application for withholding of removal based on his ability to relocate was "substantially reasonable," *see Kane*, 581 F.3d at 236, because testimony revealed that many of his family members had remained unharmed in Guatemala.  In particular, the brother who set off the chain of events placing the Ordonez-Mejia family on the gang's radar had previously been deported from the United States and had successfully relocated within Guatemala without being harmed.  We decline to address the issue of whether Ordonez-Mejia demonstrated a clear probability of persecution because the BIA did not reach this issue.  *See INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976) (noting that generally, courts and agencies are not required to make findings on issues the decision of which is not necessary to the results reached).

No. 17-60213

In order to obtain relief under the CAT, an alien has the burden of demonstrating "that it is *more likely than not* that he or she would be tortured if removed to the proposed country of removal." *Chen v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006) (citing 8 C.F.R. § 208.16(c)(2)) (emphasis in the original). The CAT defines torture as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Ordonez-Mejia does not provide any evidence to refute the determination that despite evidence that the Guatemalan government might turn a blind eye to any torture inflicted by the gang in question, there was no evidence that this was a probability rather than a mere possibility, particularly given that Ordonez-Mejia's family had remained in Guatemala and had gone unharmed. *See Kane*, 581 F.3d at 236; *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006)

Ordonez-Mejia has not demonstrated that the evidence compels reversal of the BIA's conclusion that he was not entitled to withholding of removal or protection under the CAT. *See Chen*, 470 F.3d at 1134. Accordingly, Ordonez-Mejia's petition for review is DENIED. His motion for a stay of removal is, likewise, DENIED as moot. *See Bolvito v. Mukasey*, 527 F.3d 428, 438-39 (5th Cir. 2008).